UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN J. HORNER,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE SISOLAK, et al.,<br><br>    Defendants. | Case No. 2:22-cv-00012-JAD-NJK<br><br>**Order**<br><br>[Docket No. 15] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of its motion to dismiss. Docket No. 15; *see also* Docket No. 12 (motion to dismiss). Plaintiff filed a response in opposition. Docket No. 19. Defendants filed a reply. Docket No. 22. The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

1

The Court is satisfied that a stay of discovery is appropriate in this case. As to the first two requirements, the motion to dismiss is potentially dispositive of this case and it can be decided without discovery. As to the third requirement, the undersigned's evaluation of the motion to dismiss reveals that it is sufficiently meritorious to justify a stay of discovery.[1]

Accordingly, Defendants' motion to stay discovery, Docket No. 15, is **GRANTED**. In the event resolution of Defendants' motion to dismiss does not result in the termination of this case, the parties must file a joint proposed discovery plan no later than fourteen days after the entry of the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: April 6, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.